# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                    Criminal No. 07-57(1) (DWF/JJG)
                                                 Civil No. 08-5824 (DWF)

           Plaintiff,

v.                                                **MEMORANDUM**
                                                **OPINION AND ORDER**

John Joseph Nonbello,

           Defendant.

---

Carol M. Kayser, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

John Joseph Nonbello, *Pro Se*, Petitioner-Defendant.

James H. Feldman, Jr., Esq., Law Office of James H. Feldman, Jr.; and Ryan M. Pacyga, Esq., Pacyga & Associates, P.A., counsel for Defendant.

---

This matter is before the Court upon Petitioner-Defendant John Joseph Nonbello's ("Petitioner-Defendant") motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence. Petitioner-Defendant asserts that his Fifth Amendment due process rights were violated when the Court imposed a sentence under an erroneous belief that he was eligible to serve his sentence in a minimum security institution. Petitioner-Defendant also asserts that he received ineffective assistance of counsel for two reasons: (1) that defense counsel failed, prior to the imposition of sentence, to inform the Court that he would serve any sentence of incarceration at

something other than a minimum security prison; and (2) that he received ineffective assistance of counsel when his attorney failed to inform the Court, prior to the imposition of sentence, that the Bureau of Prisons' treatment program for sex offenders is available only during the last 12 to 24 months of a sentence and, even at that time, there is no guarantee that an inmate will be accepted into the program. The Government opposes Petitioner-Defendant's motions.

## BACKGROUND

On February 21, 2007, a federal grand jury in the District of Minnesota indicted Petitioner-Defendant on two felony counts. Count One charged Petitioner-Defendant with distribution of child pornography; Count Two charged Petitioner-Defendant with possession of child pornography. On May 22, 2007, Petitioner-Defendant, who was at all times represented by counsel, entered into a plea agreement with the United States whereby he pled guilty to Count Two of the indictment which carried a 10-year maximum sentence. In exchange for the plea of guilty to Count Two, the Government agreed to dismiss Count One, which carried a 5-year mandatory minimum sentence and a 20-year statutory maximum sentence. Paragraph 5.C. of the Plea Agreement set forth the possible Sentencing Guidelines range, with a low of 70 months, and a high of 151 months (notwithstanding the statutory maximum of 120 months). It should be noted that paragraph 11 of the Plea Agreement included a "Waivers of Appeal and Collateral Attack," in which Petitioner-Defendant waived his right to appeal his sentence, except under a limited circumstance, which is not before this Court.

2

The Court ordered a Presentence Investigation Report ("PSR").  The PSR calculated a total offense level of 32, a criminal history category of I, and a resulting guidelines range of 121 to 151 months.  The Court held a sentencing hearing on October 4, 2007.  Over Petitioner-Defendant's objection, the Court found the total offense level to be 32.  The Court granted Petitioner-Defendant's Motion for a Downward Departure and imposed a sentence of 96 months.

As referenced by the United States in their opposition memorandum, the Court stated, "I believe a sentence of 96 months, even though it is far in excess of what you or your family believe is fair, is a fair and appropriate sentence under all the circumstances."

In referencing recommending a designated facility, the Court stated, in pertinent part, as follows:

> [T]he way it works, as the lawyers in the room know, and I won't dwell on this, the Bureau of Prisons picks the facility that you will be in, I could make recommendations, and they try to follow. . . .  I have very strong views that don't relate to how I arrived at my sentence about treatment.

On October 14, 2007, Petitioner-Defendant filed a Rule 36 Motion and Request for Hearing to Correct an Error in the Sentence.  In that Motion, Petitioner-Defendant stated that the Bureau of Prisons ("BOP") had determined that he was ineligible for any BOP sex offender treatment program.

At that time, Petitioner-Defendant argued, as he does now, that sex offender treatment "was an essential component of the sentence," and he urged the Court to hold a

3

hearing to determine how to require the BOP to accept Petitioner-Defendant into a sex

offender treatment program.

However, by Order dated October 19, 2007, this Court denied

Petitioner-Defendant's motion and stated as follows:

> The Court's sentence of 96 months with the Bureau of Prisons is a fair and appropriate sentence under the law, whether or not counseling services are made available to the Defendant.  Should the Bureau of Prisons fail to provide therapy or counseling services to the Defendant, this failure would certainly be contrary to his best interests, the public interest, and to the extent that it runs contrary to the stated purpose of a 96-month prison sentence under the law, contrary to the interests of justice.  However, it would not create a legal basis, pursuant to Rule 36 or any other provision under the federal law, to set a hearing and modify the sentence.
>
> The Court has consulted with the United States Probation Department, who has consulted with a Regional Psychologist with the Bureau of Prisons, as well as the Community Corrections Manager with the Bureau of Prisons.  It is the Court's belief that Defendant will have access to treatment options without being housed with more serious offenders.  There is a program being developed that is designed for people charged with such crimes as child pornography for federal defendants with low risk factors that would give Defendant access to psychological-educational treatment options.  The Court will so recommend this program in its Judgement and Commitment order being filed simultaneously with this Order.

As the Government correctly observes, the Court knew in this case, at the time of

sentencing, as in all cases, that it could only make a recommendation to the BOP as to

placement and could only make recommendations as it related to treatment to be received

and the time of that treatment within a designated placement.

**DISCUSSION**

I.      **Petitioner-Defendant's Asserted Due Process Violations**

First, Petitioner-Defendant asserts that his Fifth Amendment due process rights were violated because the Court erroneously assumed that the Petitioner-Defendant was eligible to and would serve his sentence in a minimum security facility.  The record in this case belies any such notion.  Respectfully stated, Petitioner-Defendant is incorrect.  The Court made a recommendation for a facility based upon the request of the Petitioner-Defendant.  The Court made no assumptions about where Petitioner-Defendant would serve his sentence.  Moreover, the 96 months was not conditioned upon any belief by the undersigned that Petitioner-Defendant would receive a particular designation and particular treatment within that designation.  Perhaps the Court should have been more well-informed after 10 years on the federal bench as to what the likely designation would be.  Even assuming the Court should have been more informed–and the Court takes full responsibility for that circumstance–it cannot be said, on the record before the Court, that that is tantamount to some type of due process violation.  Such is not the case.

Importantly, the Court would not have sentenced Petitioner-Defendant to less than 96 months had it known that Petitioner-Defendant would not be eligible for a minimum security facility, or that a certain type of treatment would or would not be received by Petitioner-Defendant, or when he would receive treatment.  As noted above, the record in this case belies any such notion.

5

**II.     Ineffective Assistant of Counsel**

Petitioner-Defendant seeks to vacate his sentence on Sixth Amendment grounds asserting ineffective assistance of counsel at the time of sentencing.  As noted earlier, Petitioner-Defendant claims that his defense lawyer was ineffective for two reasons: First, his lawyer should have told the Court that he was ineligible for placement at a minimum security facility; and second, that his counsel should have told the Court that he was only eligible for sex offender treatment, if at all, at the end of his term of incarceration.  It would appear to the Court that Petitioner-Defendant is suggesting, as observed by the United States, that had the Court known these things from defense counsel, there is a likelihood of some kind that the Court would have imposed a lesser sentence.  Respectfully stated, the record again belies any such notion.  Such is not the case.  The Court, then and now, stands by its 96-month sentence.

In order to establish ineffective assistance of counsel, a defendant must prove: (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668 (1984).

The record does not support Petitioner-Defendant's claims.  None of the claims raised by Petitioner-Defendant rise to the level of an error under the first prong of the *Strickland* test.  Even if the Court were to assume, which it does not, that the first prong was met and that counsel's representation was somehow deficient, there was no prejudice of any kind to Petitioner-Defendant because the sentence would have been precisely the

6

same–namely, 96 months.  Petitioner-Defendant received effective assistance of counsel from a highly competent defense lawyer.

## EVIDENTIARY HEARING

The Court concludes that an evidentiary hearing is not required in this matter.  A 28 U.S.C. § 2255 petition can be dismissed without a hearing if:  (1) petitioner's allegations, if accepted as true, would not entitled petitioner to release; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998).  Applying that standard to the allegations of Petitioner-Defendant and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having again carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      Petitioner-Defendant John Joseph Nonbello's motion to vacate, set aside, or vacate his sentence alleging denial of due process of law and ineffective assistance of counsel (Doc. No. 66) is hereby **DENIED**.

2.      Petitioner-Defendant John Joseph Nonbello's motion and request for an evidentiary hearing is hereby **DENIED**.

7

    3.      Petitioner-Defendant John Joseph Nonbello's motion to vacate or correct

his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.


Dated:  January 20, 2009             <u>s/Donovan W. Frank</u>
                                      DONOVAN W. FRANK
                                      Judge of United States District Court